VERMONT SUPREME COURT
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org



Case No.       24-AP-007

*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant. Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

AUGUST TERM,   2024

In re Appeal of T.D.*

}   APPEALED FROM:
}   Human Services Board
}   CASE NO. R-10/23-786

In the above-entitled cause, the Clerk will enter:

Petitioner appeals pro se from a Human Services Board order affirming decisions of the Department of Vermont Health Access (DVHA) terminating her from Medicaid for Children and Adults (MCA) and determining her ineligible for Medicaid for the Aged, Blind, and Disabled (MABD).  We affirm.

The record indicates the following.  In April 2023, DVHA sent petitioner a notice indicating that it was time to renew her MCA enrollment.  Petitioner timely completed and returned the enclosed form, indicating that she was the only member of her household, received $1985 in monthly Social Security benefits, and had other health insurance coverage through Medicare.

In May 2023, DVHA issued a notice of decision indicating that petitioner was no longer approved for MCA.  It subsequently sent petitioner a letter explaining that although her MCA coverage may be ending, she could be eligible for a different form of Medicaid, such as MABD. The letter noted that if petitioner submitted the enclosed supplemental application, her MCA coverage would be extended while DVHA evaluated her eligibility for MABD.  Petitioner accordingly applied to enroll in MABD.  In her supplemental application, she indicated that she is disabled and requires medications, treatment, and periodic testing for several medical conditions.

In September 2023, the Economic Services Division (ESD) of the Department for Children and Families issued a notice of decision indicating that it had received her application for MABD and determined that she was disabled, blind, and/or aged and, as a result, her extended MCA enrollment would end on September 30, 2023.  In a simultaneous notice of decision, it explained that petitioner had been denied Medicaid coverage because her income was greater than the rules allowed, but that she may be able to "spend down" her additional income to qualify.[1]  Petitioner subsequently requested a fair hearing before the Human Services Board.  See

---

[1]   Later the same month, DVHA erroneously sent petitioner a notice of decision indicating that she had been approved for Medicaid.  Due to this error, petitioner's MCA coverage was reinstated for the month of October 2023.

3 V.S.A. § 3091(a) (providing that applicant for assistance or benefits may request fair hearing before Board).

Following an evidentiary hearing, a Board hearing officer recommended that the Board affirm DVHA's decisions regarding petitioner's eligibility for MCA and MABD as consistent with the applicable Health Benefits Eligibility and Enrollment (HBEE) Rules. At a December 2023 meeting, the Board adopted the hearing officer's recommendation. In that decision, the Board made the following factual findings. Petitioner is disabled and has multiple medical conditions that require ongoing care. Her undisputed monthly Social Security income is $2149. She is enrolled in Medicare and is concerned that if she does not continue to receive Medicaid coverage, she will be unable to pay for necessary medication and treatment.

Turning to the applicable analysis, the Board explained that its review of DVHA's determinations was de novo and, under the Fair Hearing Rules, DVHA bore the burden of establishing that petitioner did not qualify for MCA, while petitioner bore the burden of proof as to her eligibility for MABD. See Fair Hearing Rules, § 1000.3(O)(4), Code of Vt. Rules 13 020 002, https://humanservices.vermont.gov/sites/ahsnew/files/fair-hearing-rules-1.pdf [https://perma.cc/7XLY-5W6Q] (providing that department bears burden of proof as to decision to terminate benefits, and "[o]therwise, the burden . . . shall be on the appellant").

The Board noted that under the HBEE Rules, adults who are "entitled to or enrolled in Medicare under parts A or B of Title XVIII of the [Social Security] Act" are ineligible for MCA. See HBEE Rules, § 7.03(a)(5)(i)(C), Code of Vt. Rules 13 001 002, https://web.archive.org/web/20230717010711/https://humanservices.vermont.gov/sites/ahsnew/files/doc_library/Combined-HBEE-Rules-for-Web-12-27-2022.pdf (Jan. 1, 2023, GCR 22-030) [https://perma.cc/SPJ8-88JB]; id. § 6.00(a) (Jan. 15, 2017, GCR 16-095); see also 42 C.F.R. § 435.119(b)(3). Because petitioner was already enrolled in Medicare, the Board concluded, she was not eligible for MCA.

With respect to MABD, the Board determined that petitioner had not met her burden to establish eligibility. Disregarding the first $20 of her monthly unearned income under HBEE Rules §§ 29.11(b)(1) and 29.13(b)(4), it calculated her monthly income at $2129 and concluded that it exceeded the MABD income limit for her household, which it determined was $1258 pursuant to the 2023 MABD Protected Income Level and Percentage of Federal Poverty Income Guidelines. See 2023 MABD PIL FPL Income Chart Effective 1/1/2023, https://dvha.vermont.gov/sites/dvha/files/doc_library/2023%20MABD%20PIL%20Chart%20FINAL.pdf [https://perma.cc/QC4F-8TEY]; see also HBEE Rules §§ 8.06(b) (Jan. 15, 2017, GCR 16-095), 29.03(b) (Jan. 15, 2017, GCR 16-098). It also observed that DVHA appropriately calculated petitioner's spenddown amount and informed her of the option to spend down her excess income to become eligible.

Finally, the Board concluded that because DVHA's termination of petitioner's MCA coverage and denial of eligibility for MABD were consistent with the HBEE Rules, the agency's decisions must be affirmed.[2] Petitioner appealed to this Court. See 3 V.S.A. § 3091(f) (providing that Board decision may be appealed to Supreme Court).

---

[2] We note that under 3 V.S.A. § 3091(h)(1), the Secretary of the Agency of Human Services "shall review all Board decisions and orders concerning . . . Medicaid." Insofar as the record does not reflect that the Secretary issued a written decision in this matter, we assume that the Board's decision was approved by the Secretary. See id. § 3091(h)(2) ("If the Secretary fails

Petitioner's argument on appeal is brief. She indicates that she does not agree with the decision to discontinue her Medicaid coverage given her medical needs, limited financial resources, and the importance of her health.

We generally defer to the Board's decisions, and we will not set aside its factual findings unless clearly erroneous. In re E.C., 2010 VT 50, ¶ 6, 188 Vt. 546 (mem.) "Our review is thus limited to determining whether the Board applied the proper legal standard, whether the evidence before the Board reasonably supports its findings, and whether the Board's findings reasonably support its conclusions." Id.

We have explained that "[t]o achieve Medicaid's goal of assisting the truly needy, administrators have enacted regulations governing financial eligibility for its various programs" that "balance the need to ensure that patients who can afford to pay their own medical bills do so with the need to preserve assets necessary for an applicant's own support." In re Clifford, 2012 VT 95, ¶ 11, 192 Vt. 595. Petitioner does not argue that the Board erred in concluding that DVHA's eligibility determinations were consistent with those regulations, and she does not challenge its findings, which reasonably support that determination. Moreover, because the Board concluded DVHA's termination of petitioner's MCA coverage and denial of eligibility for MABD were consistent with the HBEE Rules, it was bound to affirm the DVHA's decision— regardless of the considerations petitioner raises on appeal. See 3 V.S.A. § 3091(d) (providing that Board "shall not reverse or modify Agency decisions that are determined to be in compliance with applicable law, even though the Board may disagree with the results effected by those decisions").

Petitioner has not demonstrated that the Board erred in affirming the termination of her MCA coverage or denying her application for MABD.

Affirmed.

BY THE COURT:

_____
Harold E. Eaton, Jr., Associate Justice

_____
William D. Cohen, Associate Justice

_____
Nancy J. Waples, Associate Justice

---

to issue a written decision within 15 days [of the date of the Board decision and order] . . . the Board's decision and order shall be deemed to have been approved by the Secretary.").